# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

### 2019 CA 0869

### APRIL MARKIEWICZ, WIFE OF/AND MARK MARKIEWICZ

#### VERSUS

### SUN CONSTRUCTION, LLC, PENN MILL LAKES, LLC, AND COOPER ENGINEERING, INC., A PROFESSIONAL ENGINEERING CORPORATION

### C/W 2019 CA 0870

### JANET SHEA, WIFE OF/AND ALPHONSE SHEA

#### VERSUS

### SUN CONSTRUCTION, LLC, SUNRISE CONSTRUCTION AND DEVELOPMENT, LLC, PENN MILL LAKES, LLC, AND COOPER ENGINEERING, INC., A PROFESSIONAL ENGINEERING CORPORATION

### C/W 2019 CA 0871

### PATRICIA GRANT, RICHARD GRANT, MARGUERITE GUARINO, WILLIAM GUARINO, SHERON SPRAWLS, VERNON SPRAWLS, DIANNE WHITE, JOHNNY WHITE, JO ANN YOUNGBLOOD, WILLIAM YOUNGBLOOD, LYNELL ROWAN, ALVIN ROWAN, GAYLE AYO, JAMES AYO, DEBORAH LASCARI AND DANIEL LASCARI AND ON BEHALF OF PERSONS SIMILARLY SITUATED

#### VERSUS

### SUN CONSTRUCTION, LLC, PENN MILL LAKES, LLC, SUNRISE CONSTRUCTION, AND COOPER ENGINEERING, INC., A PROFESSIONAL ENGINEERING CORPORATION

**Judgment Rendered:    MAY 2 8 2020**

* * * * * *

On Appeal from the Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket No. 2006-16084 c/w 2008-10737 c/w 2008-11536

Honorable Reginald T. Badeaux, III, Judge Presiding

* * * * * *

Adam S. Lambert
New Orleans, Louisiana
Maurice Le Gardeur
Covington, Louisiana

Plaintiffs/Appellants, Patricia Grant,
Individually and as Independent
Executrix of the Estate of Richard L.
Grant, Marguerite Guarino,
William Guarino, Sheron Sprawls,
Vernon Sprawls, Dianne White,
Johnny White, Jo Ann Youngblood,
William Youngblood, Lynell Rowan,
Alvin Rowan, Gayle Ayo, James Ayo,
Deborah Lascari and Daniel Lascari
and on Behalf of Persons Similarly
Situated

Thomas P. Anzelmo, T.A.
Lynda A. Tafaro
New Orleans, Louisiana

Defendants/Appellees, St. Tammany
Parish Government, James "Red"
Thompson, Jean M. Thibodeaux, P.E.

Glen E. Mercer
Kourtney French Twenhafel
New Orleans, Louisiana

Defendant/Appellee, Clarendon
America Insurance Company

Robert I. Siegel
New Orleans, Louisiana

Defendant/Appellee, Insurance
Company of the State of
Pennsylvania

John S. Lawrence, Jr.
Jeffrey Scott Loeb
Jonas Peyton Baker
Carl T. Conrad
Charles T. Williams
Aldric C. Poirier, Jr.
Mandeville, Louisiana

Defendants/Appellees,
Sun Construction, LLC
Lawrence A. Kornman,
Penn Mill Lakes, LLC

Louis R. Koerner, Jr.
New Orleans, Louisiana

Defendant/Appellee,
Louis E. Koerner, Jr.

Adrian G. Nadeau
Brad M. Barback
Baton Rouge, Louisiana

Defendants/Appelles,
John E. Bonneau,
John E. Bonneau and Associates, Inc.

David M. Moragas
New Orleans, Louisiana

Defendant/Appellee,
Zurich American Insurance Company

\* \* \* \* \* \*

**BEFORE:  WHIPPLE, C.J., GUIDRY, AND BURRIS,[1] JJ.**

---

[1]  Judge William J. Burris, retired, serving *pro tempore* by special appointment of the Louisiana Supreme Court.

2

**BURRIS, J.**

The plaintiffs appeal from a February 14, 2019 judgment granting the defendants' motion for summary judgment and cross-motion for summary judgment and denying the plaintiffs' motion for partial summary judgment. For the reasons set forth below, the appeal is dismissed.

## FACTS AND PROCEDURAL HISTORY

This consolidated appeal arises out of a dispute concerning, among other things, the ownership and maintenance of drainage retention ponds located in Penn Mill Lakes Subdivision in St. Tammany Parish. The plaintiffs, residents of the subdivision, assert that the ponds were statutorily dedicated to the St. Tammany Parish Council at the time the subdivision plats were approved and recorded by the Parish, pursuant to St. Tammany Parish Ordinance 499, thus making St. Tammany Parish Government responsible for operating and maintaining the ponds. Conversely, St. Tammany Parish Government asserts that the Penn Mill Lakes Homeowners' Association owns the ponds and is responsible for all maintenance.

Related motions and partial motions for summary judgment were considered by the trial court on November 13, 2018. The trial court granted a motion for summary judgment in favor of defendants, St. Tammany Parish Government, Parish Councilperson James A. "Red" Thompson, and Jean M. Thibodeaux, P.E., dismissing those defendants with prejudice, granted a cross-motion for summary judgment in favor of St. Tammany Parish Government, and denied plaintiffs' motion for partial summary judgment against St. Tammany Parish Government. A judgment was signed on February 14, 2019, and this appeal, filed by the plaintiffs, followed.

On July 11, 2019, this court, *ex proprio motu*, issued a rule to show cause order to the parties, directing them to show cause why the appeal should not be

3

dismissed due to the lack of decretal language in the February 14, 2019 judgment.[2]

The judgment provides, in part,

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that St. Tammany Parish Government's cross-motion for summary judgment is GRANTED.

Thus, it is not evident from the face of the judgment what exact relief was sought and what exact relief was granted. In response to this court's show cause order, the parties concede the judgment lacks appropriate decretal language.[3]

## JURISDICTION

Appellate courts have a duty to examine subject matter jurisdiction *sua sponte,* even when the parties do not raise the issue. **Advanced Leveling & Concrete Sols. v. Lathan Co., Inc.**, 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So.3d 1044, 1046 (en banc). This court's appellate jurisdiction only extends to "final judgments." **Kelley v. Estate of Kelley**, 2019-1044 (La. App. 1st Cir. 2/21/20), 2020 WL 862598, *1 (unpublished). A final judgment determines the merits in whole or in part and is appealable. La. Code Civ. P. arts. 1841 and 2083(A).

A valid judgment must be "precise, definite, and certain." **Advanced Leveling**, 268 So.3d at 1046. Moreover, a final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. These determinations must be evident from the language of the

---

[2] The rule to show cause order was referred to this panel to consider in conjunction with the assigned appeal.

[3] We recognize this court has discretion to convert an appeal of a non-appealable judgment to an application for supervisory writs. See **Stelluto v. Stelluto**, 2005-0074 (La. 6/29/05), 914 So.2d 34, 39. However, when the jurisdictional defect lies in the non-finality of a judgment, an appellate court will generally refrain from the exercise of its supervisory jurisdiction when an adequate remedy exists by appeal, particularly when an adequate remedy by appeal will exist upon the entry of the requisite precise, definite, and certain decretal language necessary for appellate review. Accordingly, we decline to exercise our discretion to convert this appeal of a judgment that is not final for lack of decretal language to an application for supervisory writs. **Kelley v. Estate of Kelley**, 2019-1044 (La. App. 1st Cir. 2/21/20), 2020 WL 862598, *2, n. 1 (unpublished).

4

judgment without reference to other documents in the record. **Id**. This court has held that, where a judgment merely grants a motion for summary judgment, but fails to contain proper decretal language, the judgment is defective and cannot be considered a final judgment. **Pugh v. St. John Fathers' Club**, 2017-1400 (La. App. 1st Cir. 4/6/18), 2018 WL 1663144, *1 (unpublished). In the absence of a final judgment, this court lacks appellate jurisdiction. **Id**.

Although the February 14, 2019 judgment indicates that the cross-motion for summary judgment filed by St. Tammany Parish Government was granted, the judgment does not indicate against whom the ruling was rendered and which claims, if any, were dismissed. One must consider extrinsic sources to make that determination; however, the specific relief granted should be determinable from the judgment itself without reference to extrinsic sources, such as a pleading or reasons for judgment. **Kelley**, 2020 WL 862598, *2.

Because the February 14, 2019 judgment lacks appropriate decretal language, it cannot be considered a final judgment for purposes of appeal. Consequently, this court lacks appellate jurisdiction to review this matter and must dismiss this appeal.[4]

## CONCLUSION

For the foregoing reasons, we dismiss the appeal. We decline to assess costs pending the rendition of a final judgment.

**APPEAL DISMISSED.**

---

[4]  Although the portion of the judgment that grants the motion for summary judgment filed by St. Tammany Parish Government, James A. "Red" Thompson, and Jean M. Thibodeaux, P.E., contains appropriate decretal language, this court has definitively held that where a portion of a judgment is uncertain and indefinite, the entire judgment is non-appealable. See **Advanced Leveling**, 268 So.3d at 1047.

5